## McLAUGHLIN *versus* WHITTEN.

Where a mother has recovered judgment upon a previous adjudication, that the putative father of her illegitimate child should pay to her a sum of money, she is entitled to have execution running against his body; notwithstanding he may have been discharged, on taking the poor debtor's oath, from an imprisonment, which had been ordered upon his refusal to give bond for the performance of the original adjudication.

EXCEPTIONS from the District Court, REDINGTON, J.

The defendant at a former term, in a prosecution by plaintiff against him, had been adjudged the putative father of her bastard child; and was ordered to give certain bonds according to the statute.

Not complying with the order, he was committed to jail on the 20th day of July, 1844, that being the day on which said complaint was tried.

He was discharged from imprisonment on taking the poor debtor's oath, as authorized by statute, on the 7th day of November, 1844.

One of the instalments, ordered by the court to be paid to the plaintiff, became payable after said commitment, to wit, on the 1st day of August, 1844.

This action was brought on said order to recover said instalment, and judgment therefor was recovered.

The court, on motion of the plaintiff, though resisted by the defendant, ordered the execution to be issued against the body of the defendant, and to that order he excepted.

*Abbott*, for the defendant.

Having been once liberated by taking the oath, the defendant is not liable to be arrested on the same subject matter.

The instalment, on which this execution is claimed, had become payable before that oath was taken. A further arrest would be against the policy of the law, and against the Acts for the relief of poor debtors. 1 U. S. Dig. 407, 3d ed; *Hellings* v. *Amory*, 1 Wharton, 43, 63.

*Noyes*, for the plaintiff.

McLaughlin *v.* Whitten.

TENNEY, J. — The commitment of the defendant was by the direction of court on his failing to comply with its order, in procuring the bonds according to the provisions of the statute ; and not for the refusal or omission to pay any sum of money at the same time awarded to the plaintiff.

At the time of a judgment of filiation under the statute for the maintenance of bastard children, (R. S. chap. 131, § 9,) orders are made by the court, which, if not complied with, may be the foundations of actions of debt to be subsequently brought. The putative father cannot be arrested and imprisoned by virtue of an order, which may never be a charge against him. The child may die before the expense for its maintenance provided for in an order, may be incurred. Neither can his liberty be restrained on account of an instalment which has not become payable, though the mother may have incurred a part of the expense, which the instalment was intended to cover by the order.

If the mother should recover judgment after the liberation of the father of the child, from the imprisonment caused by his neglect to provide the bonds, according to the order, she is not limited by the statute, giving her the remedy, in the use of all the means to which resort may be made to enforce the payment of judgments in ordinary cases. R. S. chap. 131, sect. 13. No other statute has provided in terms, that the oath taken to procure liberation from imprisonment so ordered, shall be an immunity from arrest, upon a judgment subsequently obtained, for a cause not existing at the time of the order. R. S. chap. 148, sect. 32, provides that after the debtor has obtained the certificate referred to in the next preceding section, his body shall be free from arrest on the same or on every subsequent execution, to be issued on the same judgment or any judgment founded thereon. This provision was obviously intended to secure a debtor from a second arrest upon the same cause on which he had been arrested and had taken the poor debtor's oath, and had obtained a certificate ; and it cannot extend to another cause, which did not exist at the time of the first arrest, or imprisonment.

The commitment of a party adjudged to be the putative father of an illegitimate child is made at the time of the judgment, as the means of enforcing the orders of the court, by obtaining the bonds provided by the statute. If the commitment is effectual for this purpose, the bonds are the security of the mother for the partial maintenance of the child, and of the town to which the child may become chargeable as a pauper. If these bonds should be broken, and judgments be rendered in suits thereon, the obligors would be subject to arrest by their authority, and they could be discharged in no other manner than in that provided for the liberation of debtors, arrested on executions generally. And no good reason can be seen for releasing the putative father from the like liability, when a judgment has been obtained upon the order of court instead of a bond, for the cost of maintenance of the child, arising after the order upon the judgment of filiation is made, and at a time so long subsequent to the taking the oath by the defendant, that no presumption of continued inability can arise.

*Exceptions overruled.*